UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRYAN S., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )    2:22-cv-00221-NT |
| | ) |
| KILO KIJAKAZI, Acting Commissioner | ) |
| of Social Security, | ) |
| | ) |
|    Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has not demonstrated that he has a severe impairment and, therefore, determined Plaintiff was not disabled. The Appeals Council subsequently denied Plaintiff's request for review. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE RECORD AND FINDINGS**

In July 2018, Plaintiff was hospitalized for approximately seventeen days due to mental health concerns. During his hospitalization, Plaintiff was diagnosed with schizoaffective disorder. (R. 454.)

The prognosis upon discharge was "Good." (R. 454; ECF No. 11-7); *see also* Exs.

2F, 3F & 6F (ECF Nos. 11-7 & 19-3.)  The Discharge Summary states that he was to "continue medication as during hospitalization" and follow up with an outpatient psychiatrist within seven days.  (R. 454.)  According to witnesses who testified during the administrative process, Plaintiff has not continued the medication, is socially and emotionally withdrawn, has limited facial affect, is non-conversational, has poor hygiene, and lives a solitary life.  (R. 68-69, 78-80, 82-85.)

On December 10, 2018, Plaintiff's mother filed applications for social security disability benefits on his behalf.  The requests were denied at the initial and reconsideration stages.  Plaintiff's mother requested a hearing.

In February 2019, while his applications were pending but before the initial denial, Plaintiff sought an appointment with Nicole Cherbuliez, M.D.  (Ex. 4F, ECF No. 11-7). The purpose of the appointment was evidently to establish a doctor-patient relationship for a purpose other than to arrange mental health treatment.

At the initial administrative hearing, conducted on July 9, 2020, Plaintiff's mother served as the Plaintiff's representative before the administrative law judge ("ALJ").[1]  The ALJ advised Plaintiff's mother that Plaintiff needed to participate and be present given his status as an adult who was not under a guardianship.  (R. 95-96, ECF No. 11-2.)  The ALJ also explained that Plaintiff would need to participate in a psychological exam. (R. at 96.)  The ALJ noted the very limited medical record along with Plaintiff's refusal to attend a consultative exam were problematic for Plaintiff's request for benefits.  (R.

---

[1] Plaintiff's mother is the only person who signed the complaint in this matter.  The record lacks any evidence to suggest she is Plaintiff's legal guardian.

2

101.) The ALJ expressed a willingness to consider a more complete record and stated he would request another exam so that Plaintiff might be able to develop the record.[2] (R. 101-102.)

The record includes a report of psychological evaluation on November 16, 2020. (Ex. 6F.) Plaintiff did not participate in the evaluation; his mother met with the examiner. (R. 463.)

A second hearing was held July 27, 2021. (R. 56.) Plaintiff again did not appear.[3] The hearing revealed that Plaintiff still had not established a mental health treatment program. (R. 63.) At the hearing, Plaintiff's mother asserted that Plaintiff suffers from anosognosia, a condition that prevents a person from being aware of a his or her condition. (R. 64.) Near the conclusion of the hearing, the ALJ informed Plaintiff's mother that he would review the record and issue a written opinion, but advised her that, "[i]f at any time anything changes" before he issued his decision, specifically concerning Plaintiff's willingness to seek mental health treatment, she should contact his office as soon as possible. (R. 91.) Plaintiff did receive subsequent mental health care, but the record of that care was not provided to the ALJ before he issued his decision.

In his decision, the ALJ found Plaintiff's schizoaffective disorder to be a "medically determinable impairment" at step 2, *see* 20 C.F.R. §§ 404.1521, 416.921, but he found Plaintiff not disabled due to the lack of supporting medical evidence and other

---

[2] The ALJ also advised Plaintiff's mother of the documentation that was necessary to be recognized as Plaintiff's representative in the administrative proceedings.

[3] At the start of the hearing, the ALJ confirmed that Plaintiff's mother had filed a proper, signed representation form that would enable her to represent her son. (R. 58.)

evidence to support a severity or functional assessment, s*ee id.* §§ 404.1513, 404.1522, 416.913, 416.922(b). (ALJ Dec. 3-7, ECF No. 11-2, R. 18-22). The ALJ explained:

> Overall, the evidence of record shows that the claimant has the medical determinable impairment of schizoaffective disorder. The record does not show, however, that this condition has more than a minimal effect on his ability to engage in work-related activities or results in more than a mild limitation in any of the paragraph B criteria.

*Id.* at 7. [4]

Plaintiff, through his mother, appealed from the ALJ's decision to the Appeals Council. She provided the Appeals Council with some new records reflecting Plaintiff's medical care. The records consist of progress notes of therapy sessions from January 6, 2022, through June 7, 2022. (R. 29 – 55.) The Appeals Council denied the appeal. (R. 1.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not

---

[4] It is a claimant's responsibility to provide evidence of disability. 20 C.F.R. §§ 404.1512, 416.912. The Social Security Administration does "not excuse [claimants] from giving [it] evidence because [the claimant has] religious or personal reasons against medical examinations, tests, or treatment." *Id.* §§ 404.1516, 416.916.

4

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

When a court considers a challenge to a decision of the Appeals Council, "the First Circuit has emphasized that the Appeals Council's reasons for denying review are owed 'great deference[,]' although 'they are ordinarily not beyond review in extreme cases.'" *Alley v. Astrue*, No. 1:09–cv-00636-JAW, 2010 WL 4386516, at *3 (D. Me. Oct. 28, 2010) (quoting *Mills v. Apfel*, 244 F.3d 1, 6 (1st Cir. 2001)). The question when reviewing an Appeals Council denial of review is whether the Appeals Council's denial "rests on an explicit mistake of law or other egregious error." *Id.*

### DISCUSSION[5]

---

[5] Plaintiff did not file the complaint in this Court either personally or through an attorney admitted to practice before this Court. Plaintiff's mother signed and filed the complaint. While her desire and efforts to assist her son are understandable, Plaintiff's mother is not authorized to represent him in this Court.

> The legal principle that a parent who is not a licensed attorney may not represent her child, whether a minor or adult, in a civil action in federal court has long been recognized by this court. *See, e.g.*, *Austin v. Town of Dexter*, 552 F. Supp. 2d 38, 39 (D. Me. 2008), and by [persuasive] precedents from the First Circuit Court of Appeals, *e.g.*, *O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. App'x 159, 160, 2004 WL 67331, at *1 (1st Cir. 2004) [unpublished per curiam opinion].

*Lee v. Lepage*, No. 2:16-cv-00097-GZS, 2016 WL 3221564, at *2 (D. Me. June 10, 2016), report and recommendation adopted, 2016 WL 3676156 (D. Me. July 7, 2016). *See also Hickey v. Wellesley School Comm.*, 14 F.3d 44 (table), 1993 WL 527964 at *2 n.1 (1st Cir. Dec. 21, 1993) (adult child may not be represented by parent); *Jones v. Syntex Labs., Inc.*, 212 F. Supp. 2d 788, 788 (N.D. Ill. 2001) (same for disabled adult child). Although courts have permitted parents to represent minor children in social security appeals, *Boehme v. Washington Cnty. Sch. Dist.*, No. 2:15-cv-00515, 2016 WL 8729947, at *2 (D. Utah Mar. 17, 2016), report and recommendation adopted, 2016 WL 8729946 (D. Utah May 20, 2016), and although Rule 17(c) permits a next friend to represent an incompetent person, Plaintiff is an adult, and the matter of his competency has not been previously addressed through appropriate legal proceedings. Plaintiff's complaint, therefore, is not properly before the Court and dismissal would be warranted on that basis. Nevertheless, because the parties have addressed the merits of Plaintiff's request for judicial review, I will address the merits.

The sequential evaluation process anticipates that the severity of diagnosed conditions will be substantiated by medical opinion evidence and not exclusively by layperson reports concerning the claimant's behavior. *See* 20 C.F.R. Pt. 404, Subp't P, App. 1, §§ 12.00(C) ("What evidence do we need to evaluate your mental disorder?"), 12.00(D) ("How do we consider psychosocial supports, structured settings, living arrangements, and treatment?"). Typically, an ALJ's assessment of the severity of a medically determinable mental impairment begins with consideration of the so-called "paragraph B criteria." *See id.* § 12.00(E), (F). This is ordinarily characterized as a step 2 inquiry, though a more focused inquiry also applies at step 3 and involves special criteria focused on the mental impairment at issue. *See*, *e.g.*, *id.* § 12.03 (schizophrenia listing). The evaluation process also presupposes that a claimant will seek appropriate medical care and that an impairment may be rendered non-severe by the beneficial impact of medication. 20 C.F.R. §§ 404.1529(c)(3), 404.1530, 416.929(c)(3), 416.930; *Haynes v. Colvin*, 614 Fed. Appx. 873, 876 (9th Cir. 2015) (affirming finding of non-severity based on positive impact of medication). *See also id.* §§ 404.1520(a)(4), (c) & 416.920(a)(4), (c) ("Evaluation of disability in general").

As the ALJ noted, although Plaintiff's mother and other relatives described some of the ways in which Plaintiff's condition impacts his life, the lay testimony is not supported or corroborated by reliable medical evidence and the record otherwise lacks the requisite expert evidence regarding Plaintiff's functional limitations. Plaintiff's lack of participation in the hearing and in the medical evaluations further undermines Plaintiff's ability to support the claim. Given the lack of medical evidence regarding Plaintiff's

6

condition and its effect on his functionality, and given Plaintiff's failure to participate in the proceeding, to the extent Plaintiff challenges the ALJ's decision, Plaintiff's challenge fails.

Plaintiff's contention that the Appeals Council erred in its ruling after review of the supplemented record also fails. When the Appeals Council concludes that the evidence does not raise a reasonable probability of a different outcome on remand, that conclusion is reviewed in terms of whether the Appeals Council was "egregiously mistaken." *Mills*, 244 F.3d at 6; *Wilson v. Colvin*, No. 2:13-CV-197-JDL, 2014 WL 4715406, at *2 (D. Me. Sept. 22, 2014). The records submitted to the Appeals Council do not address in a meaningful way the effect of Plaintiff's condition on his work capacity for the claimed disability period. The record, therefore, does not support a finding that the Appeals Council was "egregiously mistaken" in its assessment of Plaintiff's claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.[6]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of

---

[6] Alternatively, the Court could dismiss the matter as neither Plaintiff, nor an attorney admitted to practice before this Court, signed and filed the complaint.

the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 17th day of May, 2023.